PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CITY OF YOUNGSTOWN, ) | |
| ) | CASE NO. 4:12cv2723 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, ) | |
| Defendant. ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** [Regarding ECF No. 14] |

This matter is before the Court upon the Motion to Stay filed by Defendant Corrections Corporation of America ("CCA"). ECF No. 14. Plaintiff City of Youngstown ("City") responded (ECF No. 15) and CCA replied (ECF No. 16). For the reasons that follow, the Court grants CCA's motion.

**I. Background**

This collection action arises from a Prisoner Accommodation Fee ("the Ordinance") enacted in November 2009 by the City of Youngstown.[1] ECF No. 1-1 at 3. "The Ordinance provides for a payment of $1.00 per day on any private business for each prisoner or inmate who is serving a prison sentence as a result of a conviction of a crime and is housed in a facility in the City." ECF No. 13-1 at 2. In the City's own words, "the Ordinance creates a bed tax on prison inmates." ECF No. 13-1 at 2.

---

[1] There appears to be some dispute about whether the Ordinance imposes a "fee" or a "tax." ECF No. 16 at 7. Without deciding the issue, the Court refers to the amount assessed as a tax.

(4:12cv2723)

CCA owns and operates the Northeast Ohio Correctional Center within the City's limits. ECF No. 13-1 at 2. CCA houses prisoners who are serving federal prison sentences as a result of convictions of crimes and those awaiting sentencing, among others. ECF Nos. 13-1 at 2-4; 13-4 at 2.

The Ordinance has an effective date of December 1, 2009, and prescribes that payment of the tax is due on a monthly basis. ECF No. 13-1 at 2. The first payment under the Ordinance was due and owing on January 15, 2010. ECF No. 13-1 at 2.

CCA did not pay the tax, instead on January 22, 2010, filed an action in the Mahoning County Court of Common Pleas styled *Corrections Corp. of Am. v. City of Youngstown, et al.*, Case No. 10-cv-224, challenging the Ordinance's validity and seeking to enjoin its collection. ECF No. 13-1 at 2. During the pendency of the Common Pleas Action, the City voluntarily refrained from pursuing the collection of the tax. ECF No. 13-1 at 2.

On May 22, 2012, the Common Pleas Court issued an order granting summary judgment in favor of the City on all causes of action, including CCA's request to enjoin collection of the tax, and found the Ordinance to be constitutional, valid and enforceable. ECF No. 13-1 at 2-3. CCA filed a notice of appeal, which remains pending before the Seventh District Court of Appeals in Appeal No. 12MA111.[2] ECF No. 13-1 at 3.

On July 9, 2012, the City, through counsel, sent CCA correspondence demanding immediate payment of the past due tax. ECF No. 13-1 at 3. CCA refused to pay, due to the

---

[2] CCA indicates that the matter has been set for oral argument before the appellate court. ECF No. 13 at 7.

(4:12cv2723)

pendency of its appeal, and the City filed a collection action in the Court of Common Pleas, Mahoning County, on September 28, 2012. ECF No. 13-1 at 3. CCA removed the action to the instant Court. ECF No. 1.

CCA filed a motion to stay the instant case pending resolution of the appeal. ECF No. 14. Asserting that "[t]he myriad of errors raised in the Appeal involve complex issues of local, state and federal laws as well as state and federal constitutional challenges," ECF No. 16 at 1, and adding that briefing is complete and oral argument set, CCA argues that the factors considered in ruling on a motion to stay weigh in its favor. ECF No. 16 at 1-7. The City objects to the matter being stayed, urging that CCA's motion is intended to further delay the payment of taxes already "three years in arrears." ECF No. 15 at 3.

## II. Legal Standard

The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). The exercise of such authority is within the court's discretion. *Ohio Envtl. Council v. United States Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). The party seeking the stay must demonstrate "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

A court considering a motion to stay should weigh the following factors: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the

3

(4:12cv2723)

hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F.Supp.2d 829, 831 (2004) (citing *Landis*, 299 U.S. at 255).

### III. Discussion

The decision of Ohio's Seventh District Court of Appeal is potentially dispositive of the instant case. Even if not dispositive, it will significantly effect the posture of the litigants before the Court. This first factor, therefore, heavily weighs in favor of a stay.

The second factor, the interests of judicial economy, also lends support in favor of a stay. If the stay is not granted, the Court will expend considerable resources resolving a summary judgment motion which, CCA argues, cannot be granted due to disputed issues of material fact as to the City's calculation of amounts due.[3] ECF No. 16 at 3. Even if the City ultimately prevails, whether by summary judgment or jury verdict, all efforts to reach either end will have been futile but costly, if the Ohio Appellate Court agrees with CCA and deems the tax illegal.

The third factor, the public's interest and welfare, does not obviously weigh heavily in either direction and the parties do not make arguments regarding this factor.

The fourth factor, the hardship/prejudice to the City, does not outweigh the factors favoring a stay. The City, expectedly, argues that CCA should pay the tax past due and owing to the City. ECF No. 15 at 2-3. The City also acknowledges that interest, albeit at the low Ohio

---

[3] The City has filed a Motion for Summary Judgment in the instant case. ECF No. 13. The calculations as to the amount of damages is dependant upon the type of prisoner the tax would apply to. For example, the Ordinance applies to entities that "house[] prisoners or inmates serving a jail or prison sentence as a result of a conviction or convictions of crimes." ECF No. 13-1 at 2. The prisoners at CCA's facility are there for a numerous reasons, some "detained," "sentenced," or "sentenced awaiting designation or transfer." ECF No. 13-3 at 3-4; 13-4 at 4.

4

(4:12cv2723)

statutory rate, will accrue on the tax if paid in arrears. ECF No. 15 at 2-3. Briefing in the State appellate court is complete and oral argument has been set. ECF No. 16 at 3. Therefore, further delay should minimal. In sum, this final factor weighs in favor of a stay. See *Michael*, 325 F.Supp.2d at 833.

CCA has articulated compelling reasons for delay. CCA asserts, and the City agrees, that the statute of limitations on tax refunds is only one year and the city has not agreed to waive that limitation. ECF No. 16 at 4; 15 at 2. See also OHIO REVISED CODE § 2723.01. If the tax is found to be illegal more than one year from the date CCA pays the tax, CCA will have no method for recovering any payment made in advance of the appellate court's ruling. The Court is, therefore, persuaded that there is pressing need for a stay, and that neither party or the public will suffer inordinate harm from entry of the order. See *Ohio Envtl. Council*, 565 F.2d at 396.

### IV.  Conclusion

For the aforementioned reasons, the Court grants CCA's Motion to Stay. ECF No. 14. The case is stayed and administratively terminated until a decision has been rendered by the Seventh District Court of Appeals. CCA's counsel is ordered to immediately notify the Court afer the Seventh District Court of Appeal has ruled.


IT IS SO ORDERED.


  March 28, 2013                      */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                         United States District Judge